## No. 16,017.

### CHASSE *v.* THE PEOPLE.
(201 P. [2d] 378)

Decided December 20, 1948.   Rehearing denied January 3, 1949.

Mr. JOHN P. AKOLT, JR., for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was returned guilty of a confidence game and sentenced to the penitentiary for a term of five to seven years. To review that judgment he prosecutes this writ and assigns twenty-four errors. These are properly consolidated by the court and considered under the following: 1. The sufficiency of the evidence; 2. The admissibility of two exhibits; 3. The correctness of certain instruction; 4. The validity of the sentence.

This prosecution was brought under the following statutes: "Every person who shall obtain, or attempt to obtain, from any other person or persons, any money or property by means of or by use of brace faro, or any false or bogus checks, or by any other means, instrument or device, commonly called confidence games, shall be liable to indictment, and on conviction shall be punished by imprisonment in the penitentiary for any term not less than one year, nor more than twenty years." '35 C.S.A., vol. 2, p. 1035, c. 48, §222. "In every indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did, on, etc., unlawfully and feloniously obtain, or attempt to obtain (as the case may be), from A. B. (here insert the name or names of the persons defrauded or attempted to be defrauded), his, her or their money (or property, in the case it be not money), his, her or their property, by means and by use of the confidence game." §223, id.

The charge was that defendant, on December 28, 1946 obtained twenty dollars from the Brown Palace Hotel "by means and by use of the confidence game." The cause was tried November 24, 1947. Defendant did not take the stand and no evidence on his behalf was of-

fered. He was permitted to proceed below and here in forma pauperis and makes no objection to the Attorney General's request that the cause be finally disposed of on application for supersedeas.

The record discloses the following undisputed facts. Defendant was registered at the hotel. He drew a check for $20.00 on the *"1st National* Bank of Detroit" on a form furnished by the hotel and on the authority of the assistant manager it was paid in cash. It was deposited in the usual manner by the hotel and returned by the *National* Bank of Detroit with the notation that defendant had "no account" at that institution. There had been a "First National Bank of Detroit," but it was not in existence at the time in question, having gone into receivership in 1933. Defendant left the hotel without paying for his accommodations there and was not again seen by its officials until the time of the trial. He was arrested in October, 1947 and admitted that he had written and passed the check in question; that he had never had any account in any bank in Detroit and had no information at the time he wrote the check that there existed any such bank as the one on which it was drawn; that he had never lived in Detroit since he was "about five years old" and did not even know that there was in that city such a street or number as he gave as his address.

[**1, 2**] 1. If we delete from said section 222 all inapplicable language it would read: "Every person who shall obtain money by brace faro, or any false or bogus check, or any other device commonly called confidence game, shall be subject to indictment." In other words the statute may be violated by any one of three methods, i.e., brace faro, bogus check or confidence game, and said section 223 authorizes prosecution for using a false or bogus check to be instituted and conducted under the charge of confidence game. Both sections in their present form were first adopted in 1879. Considering reputed pioneer conditions and practices, as the

historians have recorded them, we presume every member of the Legislature thoroughly understood the meaning of the term brace faro, but the lexicographers of the present century appear to have been deficient in that lore. The statute itself, however, by stating, in the alternative, the three methods of violating it, clearly conveys the impression that the lawmakers did not contemplate that brace faro, or false or bogus checks, would require the use of any other "means, instrument or device, commonly called confidence games;" whereas this' defendant contends that since he obtained money solely by the use of a false or bogus check the judgment can not stand. We do not believe the statute will bear that construction. In other words we are convinced that it is violated and its penalty incurred if, as here, money is obtained solely by the use of a false or bogus check. It follows that any authority which does not involve the identical language of this statute, and for all practical purposes the identical facts before us, can furnish no guide in the instant case. None such are cited. The evidence supports the judgment.

2. Exhibit B, a check for the same amount and drawn and cashed in the same way as that on which the charge was based, was admitted in evidence over objection. This to show plan, scheme, etc. The general rule is unquestioned but the assignment on that ruling rests upon the fact that Exhibit B bore date the succeeding day. This contention is worthy of no serious examination. Some authorities apparently in support of it are cited from other jurisdictions, but we need not go outside our own to justify the rule. *Elliott v. People,* 56 Colo. 236, 138 Pac. 39.

Exhibit C, an identical check bearing date the day following that of Exhibit B, was introduced in evidence over objection, but there being no showing that it was actually cashed it was withdrawn. The assignment as to this Exhibit is based upon the fact that at the time of its withdrawal no special instruction was given to the

jury to disregard it. In view of the fact that the subject was covered by the general instructions that evidence stricken or withdrawn should not be regarded, the assignment is without merit.

3. In his brief, counsel for defendant gives such scant consideration to his assignments based on instructions as to justify the conclusion that they have been abandoned. However, so far as they would otherwise deserve consideration they are answered by our disposition of his assignment on the evidence.

4. It is contended that the sentence in this case is a violation of Amendment VIII of the United States Constitution and section 20 of article II of the Constitution of Colorado, in that the punishment inflicted is cruel and unusual because, although the penalty provided by the statute is imprisonment for a term of one to twenty years this defendant received a sentence of from five to seven years for obtaining by a bogus check the trivial sum of twenty dollars. It must be admitted that this sentence does not seem justified by anything disclosed by the record. If that be true it may well be that authority to grant relief therefrom is vested in this court. Nevertheless since our facilities for ascertaining the facts which might or might not justify the sentence are circumscribed, we conclude that the wise course is to relegate defendant to relief, if any, by executive clemency, as we have heretofore done under similar circumstances. *Olguin v. People,* 115 Colo. 147, 153, 170 P. (2d) 285.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE STONE and MR. JUSTICE HAYS concur.